IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-226-BO

| | | |
|---|---|---|
| TIMOTHY SHANE ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on January 12, 2017, at Elizabeth City, North Carolina. For the reasons discussed below, this matter is remanded to the Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) under Title II of the Social Security Act. Plaintiff protectively filed for DIB on March 7, 2012, alleging disability since February 20, 2010. After initial denials, a hearing via videoconference was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's degenerative disc disease and depression were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. The ALJ then concluded that plaintiff had the residual functional capacity (RFC) to perform light work with only frequent but not constant handling and fingering with the right hand and a limitation to work requiring understanding, remembering, and carrying out no more than simple instructions. The ALJ found that plaintiff could not perform his past relevant work as a pipe installer and general manager, but found that, considering plaintiff's age, education, work experience, and RFC, there were jobs which existed in significant numbers in the national economy that plaintiff

3

could perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of his decision, May 22, 2014.

An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a). An RFC should reflect the most that a claimant can do, despite the claimant's limitations. *Id.* An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). Finally, an RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p.

Substantial evidence does not support the ALJ's finding that plaintiff could perform light work with minimal limitations. In March 2011, Dr. Grubb noted that plaintiff had limited range of motion in his neck and only about 60% strength in his right hand as compared to his left. Tr. 322. Plaintiff is right-handed. *Id.* In July 2014, Dr. Grubb noted that plaintiff had right arm pain where he had extensive surgery and could not have an MRI performed in that area due to multiple plates. Tr. 417. Dr. Eskander, a consultative examining physician with the North Carolina Department of Health and Human Services, noted in May 2012 that plaintiff reported that his right arm is very weak after two broken bones and that an EMG over twenty years ago revealed nerve damage. Tr. 349.

The ALJ gave Dr. Grubb's statements that plaintiff is disabled little weight, Tr. 22, but the ALJ failed to either consider fully or explain his rejection of the remainder of Dr. Grubb's opinions and findings regarding plaintiff's ability to perform work, specifically his limitations

4

related to his right hand. While the ALJ's RFC limited plaintiff to frequent but not constant handling and fingering, the ALJ failed to explain why Dr. Grubb's additional limitations on twisting/turning, gripping, and repetitive movements were not included in his RFC. Tr. 383. Further, although the ALJ relied on plaintiff's self-reported rug shampooing and engagement in extra work around the house as evidence that Dr. Grubb's opinions were not supported by the record, Tr. 22, the Court notes that while engagement in regular activities can indeed serve as evidence of what a claimant is capable of doing, the question to be decided in every application for disability insurance benefits case is what work can the claimant perform for eight hours a day, five days a week. Dr. Grubb, plaintiff's treating physician, consistently documents that plaintiff experiences low back, neck, and arm pain, and the ALJ's dismissal of his opinions whole cloth was error in this case. *See* SSR 96-2p (even if a treating physician's opinion is not entitled to controlling weight, it still may be entitled to great weight).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 18] is GRANTED and defendant's motion for judgment on the pleadings [DE 20] is DENIED. The decision of the ALJ is REMANDED to the Commissioner to consider again whether an RFC of light work with mild limitations is supported in this case.

SO ORDERED, this __13__ day of February, 2017.

                                                                               TERRENCE W. BOYLE
                                                                               UNITED STATES DISTRICT JUDGE